### LAIRD v. CITY OF DE SOTO and others.[1]

*(Circuit Court, E. D. Missouri, E. D.   October 8, 1887.)*

JUDGMENT—RES ADJUDICATA—VALIDITY OF BONDS.

The petition in a suit upon a "railroad aid bond" issued by a city set out a copy of the bond, from which the purpose of the issue, viz., the building of machine-shops, appeared, and in which there was a reference to the statute under which the city took its action. The answer set up a special defense of change in municipal organization. There was a verdict for the plaintiff, and the defendant, a new trial having been refused, moved in arrest of judgment on the ground that "the averments of the petition and the recitals in the bond * * * showed that the bond was issued without authority of law." This motion was overruled, and a rehearing applied for, a brief being presented taking the same position, viz., that the use was not a public one. The rehearing was refused, but in his opinion the judge discussed the defense raised by the answer *only*, and concluded as follows: "This being the *only* matter set out in the plea," etc. *Held*, in a subsequent action between the same parties, on other bonds of the same issue, that the question as to the validity of the bonds, because of the purpose for which they were issued, was *res adjudicata*.

At Law.   On motion for new trial.

*Mills & Flitcraft*, for plaintiff.

*Joseph T. Tatum*, for defendant.

BREWER, J., (*orally*.)   In the case of Laird against the city of De Soto, an action on certain bonds and coupons issued by the town of De Soto, of which this defendant has been adjudged the legal successor, a question of *res judicata* is presented.   The bonds were issued to the Iron Mountain Railroad Company, to aid it in purchasing ground and building machine-shops.   The purpose of the issue was expressed on the face of the bonds.   The present plaintiff has instituted and succeeded in two suits on bonds and coupons of the same issue, and he now claims that the judgments therein work an estoppel upon the defendant.   The defendant, on the other hand, insists that it has a defense which has not been presented to the court heretofore, which is a valid defense, and upon which it demands judgment.   It pleads that these bonds were issued without authority, because issued to a corporation for a private purpose—the building of machine-shops; and it says that that question has never been submitted to or decided by the court in the prior cases. This suit is not upon the same causes of action as the prior suits, and the rule of estoppel in respect thereto has been finally and definitely settled by the supreme court in at least three cases.   *Cromwell* v. *Sac County*, 94 U. S. 351; *Russell* v. *Place*, Id. 606; *Enfield* v. *Jordon*, 119 U. S. 680, 7 Sup. Ct. Rep. 358.   That rule is this: that where the second suit is not upon the same causes of action, though between the same parties, the former judgment is conclusive as to matters which were in fact and necessarily decided, and is not conclusive as to matters which might have been, but which were not, presented and decided.   It is further held that we must look to the record of the former cause to see

---

[1]See 22 Fed. Rep. 421; 23 Fed. Rep. 780; and 25 Fed. Rep. 76.

if that shows what was certainly decided; and if it does not, we may resort to extrinsic testimony to determine.

In each of the three suits the petition sets out a copy of the bond, which upon its face shows the purpose for which they were issued, and it refers in terms to the act of the legislature under which the town took its action; so that the defense of a want of authority to issue the bonds, because issued by a municipality for a private purpose, is something which appears upon the face of each petition. Hence, when judgment was entered in favor of the plaintiff upon the first two petitions, it was a decision that those petitions stated a cause of action, and, of course, adverse to the claim that the bonds were void upon their face.

Perhaps that of itself might be enough, but we are not limited to that. To the petition in the first case, an answer was filed setting up as a special defense a change in the municipal organization. Upon that answer the cause was tried, and judgment rendered, and thereupon a motion for a new trial[1] and one in arrest of judgment were filed. The latter states these grounds:

"(1) Because the last-amended petition of the plaintiff wholly fails to state any cause of action against defendant.

"(2) Because the averments in said amended petition, and the recitals in the instruments of writing therein described, purporting to be bonds, show that the instruments of writing sued on in this cause were issued without authority of law, so that as a matter of law it appears from said amended petition that the plaintiff is not entitled to recover in this action."

There the very defense which counsel seek here to plead was pleaded, and the record shows that this motion in arrest of judgment was overruled. That was the only matter presented in this motion, and that was the matter which must have been and was alone decided when it was overruled.

But we need not stop here. After these motions in arrest and for new trial were overruled, a petition for a rehearing[2] was filed, and on that petition for rehearing a brief was presented by counsel for the defendant, and in that they distinctly state this very question. We quote from it:

"The petition fails to state a cause of action. If the bonds were valid, they were a loan of the town's credit to a private corporation for the erection of shops over which it had no control, and in which it had no interest. The use was not a public one, for which the taxing power could have been invoked." Citing *Loan Ass'n* v. *Topeka*, 20 Wall. 655; *Parkersburg* v. *Brown*, 106 U. S. 487, 1 Sup. Ct. Rep. 442.

It then goes on and comments on a case which was supposed to furnish authority for the issue of such bonds. So that we have presented these three facts: (1) The petition upon its face presented this question, and a judgment for the plaintiff was a decision that the petition stated a good cause of action, and that the bonds were valid upon their face. Then we have (2) a motion in arrest of judgment in which the

[1] 22 Fed. Rep. 421. See, also, 23 Fed. Rep. 780.
[2] 23 Fed. Rep. 780.

party moving bases his motion singly upon the ground that these bonds are not valid instruments upon their face, but that they were issued for a private purpose; and then, as if to nail the matter, we have the brief of counsel in which this point is enlarged upon, and the attention of the court called to it specifically.    So that it seems to us there can be no escape from the conclusion that the record of this prior case carries an absolute certainty that this very question was presented and necessarily decided; and, of course, under the authorities cited, that matter is *res judicata*.    The only thing that counsel have to rely upon is this:    The first case was heard before Justice MILLER and Judge TREAT.    Justice MILLER read an opinion in which he discussed the question of the municipal organization simply, and closed by saying: "This being the only matter set out in the plea," etc.[1]    That statement was correct.    That was the only defense specifically set out in the answer.    He did not refer to this question which we are now considering, but his selection in that respect does not militate against the record, or even show that he did not consider it.    It is a common thing for a court, when a case is presented and many questions argued, to single out one or two which are deemed most important, and in an oral or written opinion discuss them, passing the others by; yet they are all considered and decided; and in this case we have it disclosed from the briefs of counsel that there was an authority in existence which was then supposed to determine the question.    It was the most natural thing in the world for Justice MILLER to pass that by, because it had been, or was supposed to have been, already decided.    But in any event, when the record of a case shows that a question must necessarily have been decided before the judgment which was rendered could have been rendered, it is conclusive in all subsequent litigation upon the fact that that question has been litigated and decided, and the party may invoke that decision upon the principle of *res judicata*.

For this reason, without stopping to consider the question of the validity of those bonds as a new question, we think the matter is at rest, and judgment must go for the plaintiff.

We have not stopped to consider specifically the second suit, although a motion for a new trial was filed in that, in which this same matter was presented, so that again and again the question has been presented and decided.

[1] 22 Fed. Rep. 422.